## CIRCUIT COURT OF ROANOKE COUNTY

Industrial Development Authority
of Roanoke County

v.

Taxpayers, Property Owners, and
Citizens of Roanoke County, et al.

February 11, 1981

Cases No. (Law) 351-1980, 352-1980, 353-1980, 354-1980

By JUDGE F. L. HOBACK

Pursuant to resolutions adopted by the Industrial Development Authority on October 31, 1980, four motions for judgment in four validation proceedings were filed in the Circuit Court of Roanoke County, seeking a determination of the validity of certain bonds to be authorized for four shopping centers. Due publication was had in conformity with the Industrial Development and Revenue Bond Act (Chapter 33, Section 15.1-1374, et seq., of the 1950 Code of Virginia, as amended). Certain parties designated as defendants have appeared in opposition to the motions for judgment contending, among other things, that the projects sought to be financed by the plaintiff were not legally permitted under the Industrial Development and Revenue Bond Act.

On December 23, 1980, the Court heard ore tenus evidence and arguments presented on behalf of the parties, and permission was granted by the Court for the parties to file memoranda in support of the motions for judgment and in opposition thereto. On December 23, 1980, a memorandum on behalf of the plaintiff was filed with the Court. On January 12, 1981, memorandum was filed by the defendants in opposition to the motions for judgment. A reply on behalf

of the plaintiff was filed with the Court on January 15, 1981. The Court has reviewed the memoranda filed herein, the cases cited therein, and the Code sections dealing with this problem. There has been filed with the Court, along with the memorandum in support of the motions for judgment, a list of the numerous proceedings had for validation of the Industrial Development and Revenue Bonds and copies of decrees issued by various courts in the Commonwealth, including some wherein bonds have been previously issued and validated by court decrees involving shopping centers.

Section 15.1-1374 contains definitions which are very broad in scope, and in several instances contain the phrase "including, but not limited to."

Moreover, Section 15.1-1374 of the Code states:

It is the intent of the legislature by the passage of this chapter to authorize the creation of industrial development authorities by the several municipalities in this Commonwealth so that such authorities may acquire, own, lease and dispose of properties to the end that such authorities may be able to promote industry and develop trade by inducing manufacturing, industrial, governmental and commercial enterprises and institutions of higher education to locate in or remain in this Commonwealth, and further the use of its agricultural products and natural resources, and to vest such authorities with all powers that may be necessary to enable them to accomplish such purposes, which powers shall be exercised for the benefit of the inhabitants of the Commonwealth, either through the increase of their commerce, or through the promotion of their safety, health, welfare, convenience or prosperity.

This is very broad and general language. In addition, said Section concludes, in the final paragraph thereof: "This chapter shall be liberally construed in conformity with these intentions."

It was called to the Court's attention that on several occasions industrial development bonds have

been issued and validated for the purpose of building and/or operating shopping centers.

It is common knowledge that shopping centers have many and varied commercial enterprises that increase commerce and promote industry.

Section 15.1-1391 of the Code, enacted by the legislature in 1980, provides in very broad and general language:

> All proceedings heretofore taken with respect to the creation of authorities by a municipality pursuant to this chapter are hereby validated and confirmed and all such authorities are declared to be legally created. . . . All proceedings heretofore taken to provide for or with respect to the authorization, issuance, sale, execution or delivery of bonds by or on behalf of any authority are hereby validated, ratified, approved and confirmed, and any such bonds so issued shall be valid, legal, binding and enforceable obligations of such authorities.

It is, therefore, presumed that when this Section was enacted the legislature knew of bonds having previously been issued for shopping centers and numerous other purposes, as shown in the exhibits filed with the memorandum filed on behalf of the plaintiff. This Court, therefore, ratifies, approves and adopts, as a portion of this opinion, the memorandum of law in support of the motions for judgment filed herein on December 23, 1980, on behalf of the plaintiff, and overrules the opposition on behalf of the defendants to the motions for judgment filed on behalf of the plaintiff.

An appropriate decree may be prepared overruling the opposition and validating the bonds sought to be issued by the authority as sought in the motions for judgment filed by the plaintiff.